

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable O. Lyne Miller
County Attorney
Bee County
Beeville, Texas

Dear Sir:

Opinion No. O-5233
Re: Is the sheriff entitled to any
compensation where he has levied
an execution for the sale of
real estate pursuant to a judg-
ment and has published notices
of sale but thereafter, without
sale, the judgment debtor pays
the amount of the judgment di-
rectly to the judgment creditor?

Your letter of April 14, 1943, requesting the opin-
ion of this department on the above stated question is as
follows:

"I would appreciate your giving me an opinion
on the following:

"Where the sheriff has levied an execution for
the sale of real estate pursuant to a judgment and
has published notices and thereafter, without sale,
the judgment debtor pays the amount of the judgment
directly to the judgment creditor in settlement of
the judgment and procures a release thereof, is the
sheriff entitled to any compensation under the pro-
visions of Art. 3933, R. C. S., of 1925, as amended
by Acts of 1937, reading:

"'Where money is collected by the sheriff or
constable without a sale, one-half of the above
rates should be allowed to him.'

"It would seem that the sheriff would not be
entitled to any fee since he did not collect the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable C. Lyne Miller, Page 2

money as contemplated in the statute, but I would appreciate your giving me an opinion on this question."

Article 3933, Vernon's Annotated Civil Statutes, reads in part as follows:

"Sheriffs and Constables shall receive the following fees:

". . .

"Collecting money on an execution or an order of sale, when the same is made by a sale, for the first One Hundred Dollars ($100) or less, four (4) per cent; for the second One Hundred Dollars ($100), three (3) per cent; for all sums over Two Hundred Dollars ($200) and not exceeding One Thousand Dollars ($1000), two (2) per cent; for all sums over One Thousand Dollars ($1000) and not exceeding Five Thousand Dollars ($5000), one (1) per cent; for all sums over Five Thousand Dollars ($5000), one-half of one percent.

"When the money is collected by the Sheriff or Constable without a sale, one-half of the above rates shall be allowed him.

". . . ."

It is stated in Texas Jurisprudence, Volume 34, page 508:

"Statutes prescribing fees for public officers are strictly construed; and hence a right to fees may not rest in implication. Where this right is left to construction, the language of the law must be construed in favor of the government. Where a statute is capable of two constructions, one of which would give an officer compensation for his services in addition to his salary and the other not, the latter construction should be adopted. It is no concern of an officer that the Legislature may have been toward other officers more liberal than toward him in the matter

Honorable C. Lyne Miller, Page 3

of compensation for services; nor does this fact
justify the courts in upholding his claim for
compensation for services as against a fair and
reasonable interpretation of the statute. . . ."
(McCalla v. City of Rockdale, 246 S. W. 654;
Eastland County v. Hazel, 288 S. W. 518; Burke
v. Bexar County, 271 S. W. 132; Madden v. Hardy,
50 S. W. 926.)

The case of Lee v. Broocks et al., 131 S. W. 1195,
in construing Article 2460, Revised Statutes of 1895, holds
in effect that where the statute provides that the sheriff
may have compensation at a certain rate, where he himself has
collected the debt without sale of property as ordered by
the court, where a party holding a vendor's lien collected
his money after foreclosure without a sale, the sheriff could
not recover his compensation. We quote from this case as
follows:

"Appellant having recovered a judgment in the
court below against appellee Broocks for the sum
of $17,316.88, with foreclosure of a vendor's lien
upon a survey of land in Liberty county, procured
the issuance of an order of sale upon said judg-
ment on June 5, 1909, and the same was placed in
the hands of appellee J. R. Thornton, constable of
precinct No. 1 of said county, for execution.
Thornton levied upon the land and advertised it
to be sold on July 6, 1909. On June 24, 1909,
appellee Broocks paid the amount of the judgment,
interest, and costs of suit to appellant Lee, who
thereupon directed the order of sale to be returned
unexecuted. Appellee Thornton made the return as
directed on June 29th and in said return claimed,
in addition to the fees allowed by law for the
levy, advertisement, and return, a commission of
$58.59 upon the amount collected by appellant in
satisfaction of the principal and interest due on
said judgment. Upon the refusal of appellant to
pay this commission, Thornton filed in the court
below a motion to tax said commission as costs in
the original suit. From an order of the court
granting said motion and adjudging appellant lia-
ble for said commission, this appeal is prosecuted.

Honorable C. Lyne Miller, Page 4

"Article 2460 of the Revised Statutes of 1895 provides as follows: 'Sheriffs shall re- ceive the following fees: * * * Collecting money on an execution or order of sale, when the same is made by a sale, for the first one hundred dollars or less, four per cent; for the second one hundred dollars, three per cent; for all sums over two hundred dollars, two per cent. When the money is collected by the sheriff with- out a sale, one-half of the above rates shall be allowed him.' The act of 1897 (Sp. Laws 1897, c. 5) changes the amount of commissions allowed sheriffs for collecting money on an order of sale when a sale is made, but makes no change in the former law as to the commissions allowed when the money is collected without sale.

"We think it clear, under the provisions of the statute before quoted, that appellee Thornton was not entitled to a commission upon the money paid to appellant by Brooks. He was only al- lowed a commission upon money collected by him. The statute fixes the fees allowed the officer for services in the execution of the writ prior to the sale, and if the sale is not made and the money due on the judgment is not collected by him, he is entitled to no commission.

". . . ."

Under the facts stated the sheriff did not collect the money due on the judgment. Therefore, in view of the foregoing authorities, it is our opinion that the sheriff is not entitled to any commission upon the money paid by the judgment debtor to the judgment creditor. However, the sheriff would be entitled to the fees allowed by Article 3933, supra, for levying the execution and the return of the execution and the posting of the advertisements for sale under the execution if the sheriff posted the advertisements for sale under the execution. In other words the sheriff would not be entitled to any commission on the money paid by the judgment debtor to the judgment creditor in settle- ment of the judgment where he did not collect the money

Honorable C. Lyne Miller, Page 5

without sale, but the sheriff would be entitled to the fees allowed by Article 3933, supra, for the services performed in connection therewith as heretofore mentioned.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

AW:mp

APPROVED MAY 13, 1943

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS



APPROVED OPINION COMMITTEE BY BWB CHAIRMAN